[No. 20181.    Department One.    February 14, 1927.]

*In the Matter of the Estate of* JOHN T. FLATHERS, *Deceased.*[1]

Appeal from a judgment of the superior court for Walla Walla county, Gilliam, J., entered November 12, 1925, dismissing a will contest, upon findings against the petitioners, after a trial on the merits. Affirmed.

*Rummens & Griffin* and *Earl W. Benson,* for appellants.

*Sharpstein, Smith & Sharpstein, J. G. Thomas, W. A. Toner, Gose & Crowe* and *Thomas P. Gose, Jr.,* for respondents.

MITCHELL, J.—John T. Flathers died testate, on January 19, 1925, being at that time a resident of Walla Walla county, this state. On February 10, 1925, an instrument dated February 7, 1924, purporting to be his last will and testament was admitted to probate in common form in the superior court of that county. Thereafter and in due time interested parties filed a petition contesting the will and to have the order admitting it to probate set aside. The sole ground alleged in contest of the will was that the decedent did not possess testamentary capacity at the time the instrument was signed and published by him. This allegation was answered by a general denial. Upon the trial of the case without a jury, the trial court found that the petitioners had failed to sustain the allegations of their petition; that at the date of the instrument John T. Flathers was competent and capable of making, executing and publishing the same as his last will and testament; and that it is entitled to be recognized and to continue of probate as such. Judgment dismissing the petition was entered. Contestants have appealed.

There is no controversy between the parties as to the test of testamentary capacity as it has been defined in our cases and the authorities generally. In their arguments, written and oral, counsel for the appellants reduce the question at issue to one of fact. This, in our opinion, is proper. The testator at the date of his will and of his death was possessed of large means. He had rather extensive business affairs and a number of business associates, many of whom testified at the trial. On both sides, more than forty witnesses, laymen and physicians, were examined. The record before us is a large one, and an examination of it shows that anything like a fair exposition of even the most important facts in the case would be exceedingly tedious and difficult, and, in our opinion, if attempted and accomplished would serve no useful purpose. Upon consideration of all the evidence, however, we are satisfied and reach the conclusion that the finding of the trial court is sustained by a preponderance of the evidence.

[1]Reported in 253 Pac. 120.

In addition to the formal findings made by the trial court, already referred to, the trial judge, after the argument of the attorneys immediately following the taking of the evidence, very clearly, and we think correctly, expressed the opinion as follows:

"My view of the evidence in this case is that in the summer of 1923 the testator became in a very serious condition owing to having intense headaches. I think the testimony shows that he went to Dr. House in Portland and was treated by him. I will not go into details in giving my opinion in this case. The testimony is convincing, and I think uncontradicted, that after these treatments he had greatly improved in his health and also in his mental condition. I don't recall anything very serious in his condition between December, 1923, and May, 1924. He attended to his ordinary business during that time, and all of his business associates with whom he came in contact very frequently testified they observed nothing out of the ordinary during that period.

"At the time this will was made he seemed to know what property he had and what he wanted to do with it. The will, taken by itself, shows no inherent weakness. It seems to be a very natural will for Flathers to have made under the circumstances.

"I am convinced that the contestants have not supported their case. In my judgment, the evidence preponderates in favor of the validity of the will."

Affirmed.

TOLMAN, MAIN, and FULLERTON, JJ., concur.